UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GABRIELLE PLATT,

                Plaintiff,

  -against-

NEW YORK STATE DIVISION OF POLICE,

                Defendant.
------------------------------------------------------------------x

No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

By and through her undersigned counsel, plaintiff GABRIELLE PLATT, as and for her Complaint against defendant NEW YORK STATE DIVISION OF POLICE, hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII").

## PARTIES

2. Plaintiff GABRIELLE PLATT is a female of legal age who resides in the County of Sullivan, State of New York, which is within this judicial district.

3. Defendant NEW YORK STATE DIVISION OF POLICE ("NYSP") is an Executive Department of the State of New York, which operates statewide and employs over 5,000 people.

## JURISDICTION AND VENUE

4. As this action seeks to redress violations of plaintiff's federal statutory rights under Title VII, this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

1

5. The events giving rise to the claims asserted herein occurred primarily in the County of Sullivan, State of New York, which is within this judicial district and, therefore, venue in the Southern District of New York is proper under 28 U.S.C. § 1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On October 29, 2024, plaintiff filed a Charge of Discrimination to the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging unlawful retaliation under Title VII.

7. On February 10, 2025, the EEOC issued plaintiff a right to sue letter.

## FACTUAL ALLEGATIONS

**A. Background and Plaintiff's Complaints of Gender and Pregnancy Discrimination.**

8. Plaintiff commenced employment with defendant NYSP as a Trooper in 2016.

9. Throughout the course of her employment, plaintiff has had a positive performance record and has never been disciplined.

10. In or about July 2021, plaintiff filed an internal complaint with defendant NYSP's Human Resources office and with the New York State Governor's Office of Employee Relations ("GOER") alleging gender and pregnancy discrimination within the NYSP and recounting her adverse experiences at work throughout her pregnancy in 2020, which she attributed to gender and/or pregnancy discrimination.

11. As plaintiff received no updates regarding her complaint, she repeatedly followed up every few weeks with a Senior Investigator to inquire as to its status, and that Senior Investigator has since become a member of NYSP's Human Resources office.

12. Soon after filing her complaint, and despite her stellar performance history and spotless disciplinary record, defendant NYSP repeatedly denied plaintiff the ability to participate in various

training opportunities, which would have provided opportunities for growth and advancement within the Division.

13. Notably, before filing her complaint, plaintiff never experienced difficulty accessing or participating in training opportunities.

14. Also not long after filing her complaint, and without any legitimate basis or justification for doing so, defendant NYSP sought to have plaintiff declared unfit for duty and removed from the payroll, though it failed to accomplish this.

15. Despite this, plaintiff continued to perform her job well.

16. Without ever being interviewed or provided any substantive updates throughout the pendency of her complaint, on or about March 7, 2022, plaintiff was advised that the investigation into her complaint had been completed and her complaint unsubstantiated.

**B. Defendant NYSP Fails to Promote Plaintiff to Sergeant.**

17. Meanwhile, in 2021, plaintiff took a promotional examination for the position of sergeant.

18. Under NYSP's Regulation 10, promotions to sergeant must be made from an active promotional eligibility list in order from highest rank to lowest rank on the list.

19. Under Regulation 10, promotional eligibility lists are valid for one year, unless extended.

20. After completing the examination process, plaintiff was placed on the 2021 promotional eligibility list, which became effective May 19, 2022 (the "2021 List").

21. Plaintiff was ranked number 242 out of 243 on the 2021 List.

22. Pursuant to Regulation 10, the 2021 List, which was due to expire May 19, 2023, was extended by one year, to and including May 19, 2024.

23. A new eligibility list (the "2023 List) was set to become active on May 20, 2024.

24. On May 8, 2024, before expiration of the 2021 List, defendant NYSP announced twelve promotions to the rank of Sergeant, all to be effective as of May 23, 2024.

25. At the time, there were six available names on the 2021 List, including plaintiff – four ranked higher than plaintiff and one ranked lower.

26. Instead of selecting for promotion all six remaining names (including plaintiff) and exhausting the 2021 List, defendant NYSP selected the four names ranked higher than plaintiff, then skipped over plaintiff and the last person on the 2021 List and advanced to the 2023 List, selecting the first eight names therefrom.

27. Upon information and belief, in skipping the last two names on the 2021 List and advancing to the 2023 List, defendant NYSP substantially departed from its policies, past practices, and ordinary customs.

28. Specifically, upon information and belief, since all of the promotions were announced prior to the expiration of the 2021 List and before the 2023 List became active, and since all of the promotions became effective on the same date, May 23, 2024, under its extant polices, defendant NYSP should have exhausted the expiring list before advancing to the new list, and nothing prevented it from doing so.

29. Upon information and belief, even where a list has technically expired, in past circumstances similar to those presented here, where promotions are made from two lists around the time of expiration of one of the lists, defendant NYSP has exhausted the remaining names on the expiring/expired list before advancing to the new list.

30. Indeed, upon information and belief, defendant NYSP did so with respect to the two promotional lists preceding the 2021 List, having exhausted both prior lists even after they had

already been extended by one year and then technically expired at the time of the promotional announcement.

31. As such, even if the 2021 List had expired, there was no legitimate basis for defendant NYSP to depart from its past practice and custom of exhausting the expiring list before advancing to the 2023 List.

32. In addition, upon information and belief, defendant NYSP never formally announced that the 2021 List had officially expired before advancing to the 2023 List, again departing from past policy and practice, under which, upon information and belief, NYSP ordinarily announces the expiration of an eligibility list before advancing to the next list.

33. Indeed, at the time defendant NYSP announced all twelve promotions on May 8, 2024, the 2021 List had not yet expired; nor had the 2023 List become active.

34. Upon information and belief, a PBA representative conveyed to the last person on the 2021 List his understanding that defendant NYSP wanted to skip over plaintiff and that, as the last person on the list, he was merely "collateral damage."

35. The May 8, 2024 promotion announcement was the first time plaintiff became reachable on the promotion eligibility list and, thus, represented the first opportunity for defendant NYSP to deny her a promotion, for which she was well qualified and, under NYSP's policies and practices, should have been selected.

36. As a result, plaintiff has suffered substantial economic and non-economic harm, including, without limitation, loss of salary, loss of benefits, diminution of future pension benefits, and emotional distress, including, without limitation, shame, embarrassment, and humiliation.

## CLAIMS FOR RELIEF

### FIRST CLAIM
**Unlawful Retaliation**
**Title VII, 42 U.S.C. § 2000e,** *et seq.*

37. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation set forth in Paragraphs "1" through "36" above.

38. Title VII makes it unlawful for an employer to "discriminate against any of his employees . . . because he [or she] has opposed any practice made an unlawful employment practice by this subchapter or because he [or she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

39. Defendant NYSP employs more than 5,000 employees and is plaintiff's employer.

40. By filing an internal complaint about gender and pregnancy discrimination, plaintiff engaged in activity protected under Title VII.

41. By failing to promote plaintiff to the rank of sergeant because of her protected activity, defendant NYSP violated Title VII's anti-retaliation provision.

42. As a direct and proximate result, plaintiff has suffered both economic and non-economic damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Accept jurisdiction over this action and all parties;

B. Empanel a jury to hear all claims;

C. Enter an order adjudging and declaring that defendants violated plaintiff's rights under Title VII;

D. Award to plaintiff compensatory damages, including, without limitation, backpay, as well as a sum sufficient to make her whole for all past and future pecuniary and non-pecuniary damages, all with pre- and post-judgment interest,;

E. Order defendant NYSP to promote plaintiff to the rank of sergeant, retroactive to May 23, 2024, and to provide her with retroactive pay and benefits from that date forward, with pre- and post-judgment interest, as well as all seniority rights retroactive from that date;

F. Award to plaintiff all such additional equitable relief as is required to make her whole;

G. Award to plaintiff the reasonably incurred attorneys' fees and litigation costs associated with the prosecution of this matter;

H. Award to plaintiff such additional relief as the Court deems just, proper and equitable under the circumstances.

Dated: Newburgh, New York
       May 9, 2025

Respectfully Submitted,
GOLDMAN LAW, PLLC
*Attorneys for Plaintiff*

By:   /s/ Jonathan R. Goldman
      Jonathan R. Goldman, Esq. (JG8710)
      372 South Plank Road, Ste. 2
      Newburgh, New York 12550
      (845) 534-6472 Ext. 1001
      (845) 579-3064 [Fax]
      jgoldman@jrgoldmanlaw.com